1   STRANGE & CARPENTER
    BRIAN R. STRANGE (103252)
2   (lacounsel@earthlink.net)
    GRETCHEN CARPENTER (180525)
3   gcarpenter@strangeandcarpenter.com
    12100 Wilshire Blvd., Suite 1900
4   Los Angeles, CA 90025
    Telephone:  (310) 207-5055
5   Facsimile:  (310) 826-3210

6   Attorneys for Plaintiff Kevin Khoa Nguyen

7   COOLEY LLP
    MICHELLE C. DOOLIN (179445)
8   (DOOLINMC@COOLEY.COM)
    LEO P. NORTON (216282)
9   (LNORTON@COOLEY.COM)
    ERIN E. GOODSELL (262967)
10  (EGOODSELL@COOLEY.COM)
    4401 Eastgate Mall
11  San Diego, CA  92121
    Telephone:   (858) 550-6000
12  Facsimile:   (858) 550-6420

13  Attorneys for Defendant Barnes & Noble, Inc.

14

15              UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17                  SOUTHERN DIVISION

18

19

20  KEVIN KHOA NGUYEN, an                Case No.  12-cv-00812-JLS-RNB
    individual, on behalf of himself and all
21  others similarly situated,           **CLASS ACTION**

                                         **STIPULATION FOR**
22              Plaintiff,               **PROTECTIVE ORDER RE:**
                                         **CONFIDENTIAL INFORMATION**
23         v.

24  BARNES & NOBLE, INC., and DOES       Assigned to the Hon. Josephine L.
    1 through 10, inclusive,             Staton
25
                Defendants.              Assigned to Magistrate Judge Robert
26                                       N. Block for discovery matters

27

28

─────────────────────────────────────────────────────────
        **Stipulation For Protective Order Re:  Confidential Information**

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Specifically, disclosure and discovery activity in this action may involve competitively sensitive accounting methods, inventory analysis, customer records, and sales data.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5.1 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secret or other confidential research, technical, cost, price, marketing, or other commercial information for which special protection from public disclosure is warranted.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>Confidential Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement, including documents, portions of documents, answers to interrogatories, responses to requests for admission, deposition testimony, and transcripts of depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel having responsibility for this action (as well as their support staff).

2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.14   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) information that is public at the time of disclosure or has

become public knowledge in a manner other than through a violation of this Order; (b) information that has been independently obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; or (c) evidence presented at any court hearings or proceedings.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or

1  to impose unnecessary expenses and burdens on other parties) expose the

2  Designating Party to sanctions.

3       If it comes to a Designating Party's attention that information or items that it

4  designated for protection do not qualify for protection, that Designating Party must

5  promptly notify all other Parties that it is withdrawing the mistaken designation.

6       5.2    Each party to this litigation that produces or discloses any material,

7  answers to interrogatories, responses to requests for admission, trial testimony,

8  deposition testimony, and transcripts depositions, or information that the producing

9  party believes should be subject to this Protective Order may designate the same as

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY".

12       (a)    Designation as "CONFIDENTIAL":  Any party may designate

13  information as "CONFIDENTIAL" only if, in the good faith belief of such party

14  and its counsel, such information qualifies for protection under Federal Rule of

15  Civil Procedure 26(c).

16       (b)    Designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17  ONLY":  Any party may designate information as "HIGHLY CONFIDENTIAL –

18  ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its

19  counsel, the information is among that considered to be most sensitive by the party,

20  including but not limited to trade secret or other confidential research, development,

21  financial, or other commercial information, disclosure of which to another Party or

22  Non-Party would create a substantial risk of serious harm that could not be avoided

23  by less restrictive means.

24       5.3    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

25  this Order (see, e.g., second paragraph of section 5.3(a) below), or as otherwise

26  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

27

28

---

**Stipulation For Protective Order Re:  Confidential Information**

under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall be treated as such pursuant to the terms of this Order.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition, that the Designating Party identify on the record, before the close of the deposition, all protected testimony.  Additionally, a party may designate portions of depositions as containing Confidential

---

1 Information after transcription of the proceedings; a party shall have until twenty-
2 one (21) days after receipt of the deposition transcript to inform the other party or
3 parties to the action of the portions of the transcript designated "CONFIDENTIAL"
4 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

5      (c) <u>for information produced in some form other than documentary and for</u>
6 <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the
7 exterior of the container or containers in which the information or item is stored the
8 legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
9 EYES ONLY".  If only a portion or portions of the information warrants protection,
10 the Producing Party, to the extent practicable, shall identify the protected portion(s).

11      5.4   <u>Inadvertent Failures to Designate</u>.  If a party, through inadvertence,
12 produces any Confidential Information without labeling or marking or otherwise
13 designating it as such in accordance with this Order, the designating party may give
14 written notice to the receiving party that the document or thing produced is deemed
15 Confidential Information, and that the document or thing produced should be
16 treated as such in accordance with that designation under this Order.  The receiving
17 party must treat the materials as confidential, once the designating party so notifies
18 the receiving party.  If the receiving party has disclosed the materials before
19 receiving the designation, the receiving party must notify the designating party in
20 writing of each such disclosure.  Counsel for the parties shall agree on a mutually
21 acceptable manner of labeling or marking the inadvertently produced material as
22 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
23 ONLY".

24      5.5   <u>Good Faith Designations.</u>  Each party agrees that the designation of
25 Protected Material and responses to requests to permit further disclosure of
26 Protected Material shall be made in objective good faith and not:  (a) to impose
27
28

---

**Stipulation For Protective Order Re:  Confidential Information**

burden or delay on an opposing Party, or (b) for tactical or other advantage in litigation.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    Meet and Confer.  In accordance with Local Rule 37-1, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, including any legal authority that the moving party believes is dispositive of the issue, and, if necessary, filing a motion pursuant to Local Rules 37-2 to 37-2.4.

    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the

conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its official personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  any person indicated on the face of the document to be its originator, author, or recipient of a copy thereof or other person who otherwise possessed or knew the information; and

(h) any officer or employee of the Producing Party.

---

**Stipulation For Protective Order Re:  Confidential Information**

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the following:

(a)    the Court and its official personnel;

(b)    Outside Counsel and House Counsel for a Party;

(c)    Experts, but the right of any Expert to receive any materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be subject to the advance approval of such expert by the Producing Party or by permission of the Court, as described more fully in paragraph 7.4;

(d)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    any person indicated on the face of the document to be its originator, author, or recipient of a copy thereof;

(f) any officer or employee of the Producing Party.

7.4    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information to Experts.  The party seeking approval of an Expert shall provide the producing party with the name and curriculum vitae of the proposed Expert, which shall include a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" of the producing party to the expert.  Any objection by the producing party to an Expert receiving any materials designated "HIGHLY CONFIDENTIAL –

---

**Stipulation For Protective Order Re:  Confidential Information**

**-10-**

ATTORNEYS' EYES ONLY" must be made in writing within fourteen (14) days following receipt of the identification for the proposed expert.  Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to an Expert if the fourteen (14) day period has passed and no objection has been made.  The approval of Experts shall not be unreasonably withheld.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

All Confidential Information shall be held in confidence by those inspecting or receiving it.  Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of all pertinent facts of the unauthorized disclosures, (b) make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure, (c) use its best efforts to retrieve all unauthorized copies of the Protected Material, (d) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (e) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work

1   product protection, the parties may incorporate their agreement in the stipulated

2   protective submitted to the Court.

3

4   12.   USE OF "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL –
        ATTORNEYS' EYES ONLY" MATERIAL AT A DEPOSITION

5        Counsel shall not disclose "CONFIDENTIAL" information or "HIGHLY

6   CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to a witness

7   testifying at a deposition except in strict conformity with the provisions of this

8   Order.  No such disclosure shall be made to any witness unless that witness is

9   entitled by this Order to receive that "CONFIDENTIAL" or "HIGHLY

10  CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or the Party or

11  Non-Party that produced that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

12  - ATTORNEYS' EYES ONLY" information assents to the disclosure of such

13  information in writing or on the record of the deposition.  If, during the course of

14  any deposition, (a) an attorney-of-record for any Party desires to make inquiry into

15  information subject to the designation "CONFIDENTIAL" or "HIGHLY

16  CONFIDENTIAL - ATTORNEYS' EYES ONLY" or (b) an attorney-of-record for

17  any Party asserts that an answer to a specific inquiry is subject to the foregoing

18  designation, the attorney shall make such inquiry only in the presence of those

19  persons authorized access to such information.  Such testimony shall be designated

20  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

21  ONLY," as appropriate, and the Parties to this Protective Order shall treat it subject

22  to the provision for disclosure set forth in this Protective Order.  Counsel for either

23  Party shall have the right to exclude from oral depositions, other than the deponent

24  and the reporter, any person who is not authorized by this Protective Order to

25  receive documents or information designated "CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such right of exclusion shall

27  be applicable only during periods of examination or testimony directed to or

28

**Stipulation For Protective Order Re:  Confidential Information**
**-14-**

comprising "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

13.  <u>PLEADINGS AND BRIEFS CONTAINING PROTECTED MATERIAL</u>

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

14.  <u>MISCELLANEOUS</u>

14.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  No modification by the parties shall have the force or effect of a court order unless the Court approves the modification.

14.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order (*i.e.*, to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product, or that the information lacks relevance).  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

15.3  <u>Right to Counsel Clients.</u>  Nothing in this Order shall bar Counsel from rendering advice to their clients with respect to this litigation and, in the course

1   thereof, relying upon any information designated as Confidential Information,

2   provided that the contents of the information shall not be disclosed.

3   17.   <u>FINAL DISPOSITION</u>

4          Within 60 days after the final disposition of this action, as defined in

5   paragraph 4, each Receiving Party must return all Protected Material to the

6   Producing Party or destroy such material.  As used in this subdivision, "all

7   Protected Material" includes all copies, abstracts, compilations, summaries, and any

8   other format reproducing or capturing any of the Protected Material.  Whether the

9   Protected Material is returned or destroyed, the Receiving Party must submit a

10  written certification to the Producing Party (and, if not the same person or entity, to

11  the Designating Party) by the 60 day deadline that (1) identifies (by category, where

12  appropriate) all the Protected Material that was returned or destroyed and (2)

13  affirms that the Receiving Party has not retained any copies, abstracts,

14  compilations, summaries or any other format reproducing or capturing any of the

15  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain

16  an archival copy of all pleadings, motion papers, trial, deposition, and hearing

17  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

18  reports, attorney work product, and consultant and expert work product, even if

19  such materials contain Protected Material.  Any such archival copies that contain or

20  constitute Protected Material remain subject to this Protective Order as set forth in

21  Section 4 (DURATION).

22         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23  ///

24  ///

25  ///

26  ///

27  ///

28

1

2  Dated: February 12, 2015                    STRANGE & CARPENTER
                                               BRIAN R. STRANGE (103252)
3                                              (lacounsel@earthlink.net)
                                               GRETCHEN CARPENTER (180525)
4                                              gcarpenter@strangeandcarpenter.com

5                                              /s/ Gretchen Carpenter
                                               _____
6                                              Gretchen Carpenter
                                               Attorneys for Plaintiff Kevin Khoa
7                                              Nguyen

8  Dated: February 12, 2015                    COOLEY LLP
                                               MICHELLE C. DOOLIN (179445)
9                                              (DOOLINMC@COOLEY.COM)
                                               LEO P. NORTON (216282)
10                                             (LNORTON@COOLEY.COM)
                                               ERIN E. GOODSELL (262967)
11                                             (EGOODSELL@COOLEY.COM)

12

13                                             /s/ Leo P. Norton
                                               _____
14                                             Leo P. Norton
                                               Attorneys for Defendant Barnes &
15                                             Noble, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**Stipulation For Protective Order Re:  Confidential Information**
**-17-**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *Nguyen v. Barnes & Noble, Inc.*, Case No. 12-cv-00812-

JST-RNB.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]
Signature: _____
        [signature]

**Stipulation For Protective Order Re:  Confidential Information**